IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JOSHUA T. ROBINSON<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br>Case No. 2:21-CR-037-TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant Joshua T. Robinson's Motion for Early Termination of Supervised Release. For the reasons discussed below, the Court will deny the Motion without prejudice.

　　　　On May 12, 2016, Defendant was sentenced to 46 months' custody and 10 years' supervised release in the District of Rhode Island for one count of Traveling with Intent to Engage in Illicit Sexual Conduct. Defendant began his term of supervision on August 30, 2019, in the District of Rhode Island. Jurisdiction was transferred to the District of Utah in January 2021. Defendant now moves the Court for early termination of supervised release.

　　　　In his Motion, Defendant states that he has made great progress toward rehabilitation during his time on supervised release by, among other things, actively participating in and completing numerous mental health programs, maintaining consistent employment, maintaining a stable residence, and engaging in and strengthening healthy relationships, including with his son and the mother of his son. Defendant also states that he has largely complied with the terms of his supervised release, though admits to an incident occurring several years ago where he had

1

unauthorized contact with a minor and received illicit photographs of her before learning she was underage. Defendant self-reported the incident to the probation officer. Defendant also submitted numerus support letters praising Defendant's efforts toward rehabilitation and character. Consultation with Defendant's supervising officer confirms that Defendant has completed his treatment, maintained employment, and built a strong support network.

The government objects to early termination of Defendant's supervised release due to the nature of the underlying offense, other incidents involving minors from Defendant's past, and the incident Defendant reported regarding his communications with a 17-year-old girl that occurred several years ago. The government asserts that, while this was self-reported, the conversation was deleted and there was no way to confirm Defendant's version of the events.

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Considering these factors, the Court finds that termination of Defendant's supervised release is not appropriate at this time. While the Court commends Defendant on his progress, the Court believes that an additional period of supervision will be beneficial. The Court will consider granting a renewed motion for early termination of supervised release after Defendant has successfully completed an additional two years of supervision.

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release is DENIED without prejudice.

DATED this 24th day of November, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge